[Civ. No. 5680. First Appellate District, Division Two.—July 12, 1928.]

M. DICKERMAN, Respondent, v. WILLIAM AHERN et al., Appellants.

James F. Brennan for Appellants.

Byrne & Lamson for Respondent.

STURTEVANT, J.—The plaintiff brought a creditor's bill against the defendants. They answered and a trial was had before the court sitting without a jury. The court made findings in favor of the plaintiff and from a judgment entered thereon the defendants have appealed.

The defendants made two points. They contend the evidence is insufficient to justify the decision and they contend that the bonds hereinafter mentioned were *in custodia legis* and therefore were exempt from attachment, garnishment, or levy. We will discuss these points in the order stated, but it is necessary to state some of the facts.

On October 22, 1923, a judgment was entered against William Ahern, one of these defendants, and in favor of this plaintiff. That judgment was for $3,349.61, costs, and interest. On December 4, 1923, $406.78 was credited thereon. Later such proceedings were had that the creditor's bill was filed. In the meantime William Ahern was arrested on process issued out of the United States district court. He was tried and convicted and took an appeal. Pending his appeal, an order was made that he be admitted to bail in the sum of $5,000. As bail on appeal, the brother of William Ahern took to Joseph Connelly, who was acting as

attorney for William Ahern, five one thousand dollar United States bonds, and Connelly deposited the bonds with the United States commissioner and took a receipt in his own name. By the creditor's bill this plaintiff sought to obtain a decree subjecting said bonds to plaintiff's claim after the said bond on appeal should have been exonerated.

In presenting their attack on the findings, the defendants claim there was no evidence that William Ahern was the owner of the bonds, but that all of the evidence was to the effect that the defendant Frank Cator was the owner of the bonds. The direct evidence given by the witnesses was as contended by the defendant; but the testimony of each witness was very inexact, inaccurate and equivocal. The brother of William Ahern, a most material witness, was not produced nor was his absence accounted for. There were many conflicts in the story as told by the defendants. We think it is clear that there is in the record substantial evidence supporting the findings.

As to the second point made by the defendants, it will be conceded at once that one court will not ordinarily issue process against, or attempt to disturb the possession of, property which is held under process theretofore issued by another court. (*Swinnerton* v. *Oregon Pac. R. R. Co.*, 123 Cal. 417, 424 [56 Pac. 40].) But that authority has no application to the facts of this case. In the case now before us the record does not disclose that the trial court issued a writ of attachment, garnishment, or any other process or order directed to any officer of the United States district court. Its process was addressed solely to the actors before it. The point is without merit under the facts. Furthermore, the point was never presented to the trial court and is, for the first time, presented to this court. If defendants wanted a ruling thereon they should have made the point below. (2 Cal. Jur. 234.)

We find no error in the record. The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.